USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE EVERTON GRANT,

    Plaintiff,

- against -

THE UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

17 Civ. 2172 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    In this action brought under Section 1983 and the Federal Tort Claims Act, pro se Plaintiff Andre Grant alleges that the U.S. Citizenship and Immigration Services ("USCIS") and Immigration and Customs Enforcement ("ICE") violated his rights by failing to properly investigate his claims to citizenship and in denying his application for citizenship. (See Cmplt. (Dkt. No. 1) at 6-12) [1] Defendant has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Mot. (Dkt. No. 13) at 1)

    On March 28, 2018, this Court referred Defendant's motion to Magistrate Judge Gabriel Gorenstein. (See Order (Dkt. No. 23)) On June 15, 2018, Judge Gorenstein issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to dismiss be granted. (See R&R (Dkt. No. 27)) For the reasons stated below, the Court will adopt the R&R in its entirety, and Defendant's motion to dismiss will be granted.

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing ("ECF") system.

**BACKGROUND**

This action was filed on March 16, 2017. (See Cmplt. (Dkt. No. 1)) The Complaint alleges claims under Section 1983 and the Federal Tort Claims Act ("FTCA") against USCIS and ICE in connection with Plaintiff's application for citizenship. (See id. at 6-12) Plaintiff contends that (1) ICE's lodging and withdrawal of numerous immigration detainers concerning Plaintiff constitutes negligent infliction of emotional distress; (2) USCIS was negligent in denying Plaintiff's request for derivative citizenship; (3) USCIS was negligent in failing to attach adequate postage to its notice informing Plaintiff that his N-600 application for a certificate of citizenship had been denied; (4) USCIS's negligence caused the death of Plaintiff's son, who died in Jamaica of a disease that Plaintiff asserts is curable in the United States; (5) USCIS was negligent in denying Plaintiff citizenship and in re-opening removal proceedings against him; (6) USCIS was negligent "when it failed to properly interpret" United States and Jamaican law; (7) USCIS violated his "rights as a United States citizen to seek gainful employment and or go to school"; and (8) ICE was negligent when it failed to follow the "Hayes Memorandum" and "fully investigate" all of his claims to citizenship. (Id. at 1, 6-7) Plaintiff also asserts a cause of action under 42 U.S.C. § 1983, alleging that ICE and USCIS violated his Fourth Amendment rights when these agencies illegally detained him. (Id. at 7, 12-14)

Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Mot. (Dkt. No. 13) at 1), arguing – inter alia – that Plaintiff's FTCA claims must be dismissed for lack of subject matter jurisdiction because (1) Plaintiff has not exhausted his administrative remedies; (2) Plaintiff's FTCA claims relate to removal proceedings; and (3) Plaintiff's negligence claims relate to the adjudication of his citizenship application. (Def. Br. (Dkt. No. 18) at 11-17) As to Plaintiff's Section 1983 claim, Defendant argues that this Court lacks subject

2

matter jurisdiction, because Plaintiff's claims are barred by sovereign immunity. (Id. at 17-18) In the alternative, Defendant contends that all of Plaintiff's claims should be dismissed for failure to state a claim. (See id. at 18-22)

On March 28, 2018, this Court referred Defendant's motion to Magistrate Judge Gorenstein for an R&R. (See Order (Dkt. No. 23)) On April 13, 2018, Judge Gorenstein granted Plaintiff leave "to submit such materials and any other evidence he has as to his assertion that he filed an administration claim." (Order (Dkt. No. 25) at 1) Judge Gorenstein directed that any such submission be made by April 27, 2018. (Id.) Plaintiff did not file any materials by the deadline. Given Plaintiff's pro se status, on May 4, 2018, Judge Gorenstein sua sponte granted Plaintiff an extension through May 25, 2018 to make such a submission. (Order (Dkt. No. 26)) Plaintiff never submitted any such documentation.

On June 14, 2018, Judge Gorenstein issued an R&R recommending that Defendants' motion to dismiss for lack of subject matter jurisdiction be granted. (See R&R (Dkt. No. 27) at 8-13) Judge Gorenstein concluded that (1) Plaintiff had not exhausted his administrative remedies with respect to his FTCA claims; and (2) Plaintiff's Section 1983 claim is barred by the doctrine of sovereign immunity. (Id. at 8-13)

A copy of the R&R was sent to Plaintiff on June 14, 2018, and posted on this District's ECF system on June 15, 2018. (See id. at 14) The R&R recites the requirement that the parties must file objections to the R&R within fourteen days of service, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and explains the consequences of a failure to timely object: "Pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A

party may respond to any objections within 14 days after being served. . . . If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id.) No objections to the R&R were submitted to this Court.

**DISCUSSION**

Title 28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations").

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A "party generally waives judicial review of an issue[, however,] when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.")

4

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 27) at 14), Plaintiff did not file objections to Judge Gorenstein's R&R. Accordingly, Plaintiff has waived judicial review. See Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court will go on to consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

As discussed above, Defendant contends, inter alia, that Plaintiff's claims must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (See Mot. (Dkt. No. 13)) "'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). "'[T]he party asserting subject-matter jurisdiction . . . has the burden of proving its existence by a preponderance of the evidence.'" Chen v. Sun, No. 13 Civ. 00280 (ALC) (KNF), 2016 WL

270869, at *1 (S.D.N.Y. Jan. 21, 2016) (quoting Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 65 (2d Cir. 2012)).

Here, this Court lacks subject matter jurisdiction over Plaintiff's FTCA claims because of Plaintiff's failure to demonstrate that he exhausted his administrative remedies. See, e.g., Lassic v. Hudson River Health Care, Inc., No. 13 Civ. 2547 (RPP), 2013 WL 3929633, at *2 (S.D.N.Y. July 29, 2013) ("[T]o establish that jurisdictional requirements have been met, Plaintiff must show that, prior to the initiation of the instant action, she exhausted her administrative remedies by filing a claim with [the relevant agency]." (citing 28 U.S.C. § 2675(a); Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000) (acknowledging that in a FTCA claim, "a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists")). Although the FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees," F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994), "compliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist." Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991). The FTCA's exhaustion requirement is thus "jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

Despite multiple invitations from Judge Gorenstein (see Orders (Dkt. Nos. 25, 26)), Plaintiff did not submit documentation demonstrating that he had exhausted his administrative remedies. By contrast, Defendant submitted declarations from senior officials at USCIS and ICE stating that a search of ICE and USCIS records revealed no record of any claim submitted by Andre Everton Grant. (See Luong Decl. (Dkt. No. 15) ¶¶ 1, 3; Tanke Decl. (Dkt. No. 16) ¶¶ 1-2) Given this evidence, this Court agrees with Judge Gorenstein that Plaintiff has

not "met his burden of showing that an administrative claim was presented to any government agency," and, accordingly, this Court lacks subject matter jurisdiction over Plaintiff's FTCA claims. (See R&R (Dkt. No. 27) at 11)

This Court also lacks subject matter jurisdiction over Plaintiff's Section 1983 claim. As an initial matter, Section 1983 applies to constitutional violations committed by state actors, and Plaintiffs' claims concern federal agencies. Lubrano v. United States, 751 F. Supp. 2d 453, 455 (E.D.N.Y. 2010) ("Based on the statute's reference to state actors, it is well-settled that Section 1983 does not provide an avenue to assert causes of action against the federal government or its agents. See, e.g., Weise v. Syracuse University, 522 F.2d 397 (2d Cir.1975) ('§ 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), have no applicability to federal action.'). Therefore, to the extent that the plaintiff asserts a cause of action pursuant to Section 1983, the Court also dismisses this claim."), aff'd, 448 F. App'x 159 (2d Cir. 2012).

To the extent that Plaintiff asserts a claim against the United States premised on the alleged violation of his Fourth Amendment, that claim is barred by sovereign immunity. The FTCA only waives the United States' sovereign immunity for claims "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). In other words, the FTCA's waiver of sovereign immunity is limited to common law claims, see Offor v. Mercy Med. Ctr., No. 17 Civ. 1872 (NRB), 2018 WL 2947971, at *5 (S.D.N.Y. May 31, 2018), and the "United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts." Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994); Offor, 2018 WL 2947971, at *5 (same). Because the United States has not waived its sovereign immunity with

respect to Plaintiff's Fourth Amendment claim, this Court lacks subject matter jurisdiction over that claim.

Having conducted a review of the record, this Court finds that there is no clear error in Judge Gorenstein's R&R. Indeed, the R&R is in all respects a proper application of the law to the facts.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and Defendant's motion to dismiss is granted. The Clerk of the Court is directed to terminate the motion (Dkt. No. 13), and to close this case. The Clerk of the Court is further directed to mail a copy of this order via certified mail to pro se Plaintiff Andre Everton Grant, 44 Barber Street, Windsor, CT 06095.

Dated: New York, New York
July 25, 2018

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge